| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------X
UNITED STATES OF AMERICA,

          - against -                                **ORDER**

LUCINDO OTILIO PLACENCI LOPEZ II,

                                              99-CR-1137-ERK-1

                 Defendant.

-----------------------------------------------------------X

KORMAN, J.:

I assume familiarity with the history and background of this case in which the defendant has filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). Briefly, and to the extent here relevant, the defendant was convicted on his plea of guilty to Count One of a superseding indictment that charged that between 1996 and 1999 he and a number of others, as members and associates of the Lopez organization, which constituted an "enterprise" as defined by 18 U.S.C. § 1961(4), conducted and participated in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c) and 1963.

The Probation Department calculated an adjusted offense level of 41, with a Sentencing Guidelines range of 360 months to life. The calculation of the offense level began with a base level of 38, predicated on a finding that the crack cocaine chargeable to the defendant exceeded the 1.5 kilo minimum necessary to justify this offense level. Because that amount triggered the maximum guideline range the Probation Department did not calculate the actual amount for which the defendant was responsible, although it seems clear that given his role as the leader and organizer of the Lopez organization, which trafficked in far greater amounts over a considerable period of time, that he was responsible for much more. The Pre-Sentence Report then added two

1

points for possession of a weapon and four points for the defendant's leadership role—a role that the defendant acknowledged in an affidavit submitted in the sentencing proceeding of his brother. Mario Placencia Sentencing Tr. 6:1–5, May 10, 2002, No. 99-cr-1137-ERK-2, Dkt. 224. Three points were then deducted for the defendant's timely plea of guilty. This led to a total offense level of 41 and a criminal history category of III which resulted in a Sentencing Guidelines range of 360 months to life. Because the maximum sentence for this offense was 240 months it effectively trumped the Sentencing Guidelines range and I sentenced the defendant to 240 months.

In his motion pursuant to 18 U.S.C. § 3582(c)(2), the defendant argues that I should choose a base level consistent with the 1.5 kilo finding upon which the PSR based its drug weight calculation. Even I were to do that, it would yield a base level of 34, to which I would add two points for possession of a weapon, three points for his leadership role, and deduct three points for his timely plea, leading to an adjusted offense level of 37, with a criminal history category of III, yielding a Sentencing Guidelines range of 262 to 327 months. "Except in limited circumstances . . . [Sentencing Guidelines] § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'" *Dillon v. United States*, 130 S. Ct. 2683, 2688–89 (2010).

In his motion to reduce his sentence, the defendant includes a two-point deduction in the Sentencing Guidelines calculations for a global plea. These two points were not included in the Pre-Sentence Report because the Sentencing Guidelines do not provide for such an adjustment. Nevertheless, plea agreements providing for such an adjustment are normally honored by way of a downward departure from the otherwise applicable range. Such a departure was not made when the defendant was originally sentenced because the defendant did not argue that he was entitled to it under the terms of the plea agreement. If the defendant had been credited with these

additional two points his total offense level would have been 35, with a criminal history category of III, yielding a Sentencing Guideline range of 210 to 262 months. Unfortunately, that departure cannot be made at this point, even if the defendant had raised the issue and I had granted the departure at the time of sentencing. The Second Circuit has made clear that on resentencing in the circumstances here, the resentencing court must "apply the amended Guidelines range that would have been applicable to a defendant, *without* applying any departures." *United States v. Steele*, 714 F.3d 751, 756 (2d Cir. 2013) (emphasis original). This is true "even if a downward departure was granted in the original sentencing." *Id.* at 756–57.

## CONCLUSION

The defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**

Brooklyn, New York
August 1, 2013

/s/
Edward R. Korman
Senior United States District Judge